**Paul L. COLVARD; Ed Owens; Frank Hughes; Claude Johnson; Weldon Parker; Billy Mills; William Steward; and Brice Roland, Appellants,**

v.

**R. W. SPANGLER, Individually, and as Division Engineer of the 14th Division of Highways, State of North Carolina Department of Transportation, Appellee.**

No. 78–1550.

United States Court of Appeals, Fourth Circuit.

Argued Nov. 7, 1979.

Decided Dec. 19, 1979.

---

**529**

Robert B. Long, Jr., Asheville, N. C. (Jeffrey P. Hunt, Long, McClure, Parker, Hunt & Trull, P. A., Asheville, N. C., on brief), for appellants.

J. Chris Prather, Associate Atty. Gen., Raleigh, N. C. (Rufus L. Edmisten, Atty. Gen. of North Carolina and H. A. Cole, Jr., Asst. Atty. Gen., Raleigh, N. C., on brief), for appellee.

Before HALL and MURNAGHAN, Circuit Judges, and PERRY *, District Judge.

PER CURIAM:

Paul L. Colvard, and seven others, employees of the North Carolina Department of Transportation, sought relief for their dismissals, following the change in administrations attendant upon election of a Democratic governor to replace a Republican incumbent. The sole defendant was R. W. Spangler, a supervisory engineer in the highways division. Relief, both legal and equitable, was prayed in the complaint.

As the case was put to the jury, the plaintiffs excluded from their damages claims all assertions for back pay. The plaintiffs suggested amounts of damages designed to cover legal expenses ($2000 each in the case of six plaintiffs, $4000 in the case of one plaintiff, and $6000 in the case of another plaintiff). The jury responded by finding for the plaintiffs in the very respective amounts suggested. In view of *Elrod v. Burns*, 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976), the jury verdict clearly rested on a supportable basis, and its propriety is not in question.

The district judge recognized, in colloquy prior to trial, that equitable relief was prayed. However, following the jury verdict, he summarily declined to consider or award any equitable relief, by way of reinstatement order or otherwise. This appeal by the plaintiffs contests the refusal to consider or grant equitable relief.

We remand with directions that the district court consider any request for equitable relief presented by the appellants. Their victory before the jury establishes the predicate for such relief. To the extent, if any, that the district court considers it necessary or desirable for additional defendants to be before the court in order to assure the efficacy of any order granting reinstatement or other equitable relief, the district court should permit the plaintiffs to amend to bring in such additional defendants.

*REMANDED.*

* The Honorable Matthew J. Perry, United States District Judge for the District of South Carolina, sitting by designation.